UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| M-AUDITS, LLC, ) | CASE NO. 1:15-cv-1433 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| HEALTHSMART BENEFIT ) | |
| SOLUTIONS, INC., ) | |
| ) | |
| DEFENDANT. ) | |

This matter is before the Court on the motion of defendant HealthSmart Benefit Solutions, Inc. ("defendant" or "HealthSmart") for reconsideration (Doc. No. 66 ["Mot."]), and supplemental brief in support (Doc. No. 68 ["Supp."]), of one aspect of Court's Memorandum Opinion and Order (Doc. No. 65 ["MOO"]) filed September 29, 2016. Specifically, defendant seeks reconsideration of the Court's denial of defendant's second motion to modify the agreed order ("agreed order" or "order") entered by the Court on August 24, 2015 (Doc. No. 22 ["Order"]). Plaintiff M-Audits, LLC ("plaintiff" or "M-Audits") opposes the motion (Doc. No. 69 ["Opp'n"]), and has filed a separate response to defendant's supplemental brief (Doc. No. 76 ["Opp'n to Supp."]), to which defendant replied (Doc. No. 77 ["Reply"]).

For the reasons that follow, HealthSmart's motion for reconsideration is denied.

**A. Background**

    **1. Factual**

This case was removed from the Lorain County Court of Common Pleas on July 21, 2015, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Doc. No. 6 ["Notice"].) As alleged in the state court complaint (Doc. No. 6-2 ["Compl."]), plaintiff is an auditing firm that provides claim review services for health benefit plans, including health plans administered by Commerce Benefit Group Agency, Inc. ("CBG"), a third-party administrator ("TPA") for self-insured health care plans. (Compl. ¶¶ 5, 6.)

After lengthy negotiations, a deal was structured whereby defendant HealthSmart would purchase the assets of CBG, M-Audits, and four other entities pursuant to an asset purchase agreement ("APA") for a total purchase price of $7 million dollars. The APA contemplated an immediate payment of $1.5 million dollars, and $5.5 million dollars to be paid "pursuant to three year earn-out schedules for CBG and M-Audits." (*Id*. ¶¶ 4, 7, 8.)

Before closing, HealthSmart notified CBG and M-Audits that its lender, Silver Point Finance, LLC ("Silver Point"), was demanding that all payments earned by CBG and M-Audits pursuant to the earn-out schedule be subordinated to any debt owed to Silver Point. (*Id*. ¶ 9.) M-Audits would not agree to the subordination, so an alternative deal was structured whereby the assets of M-Audits were removed from the APA and purchased separately by HealthSmart pursuant to a side letter agreement. (*Id*. ¶¶ 4, 10.) The side letter agreement provided that, instead of the agreed earn-out purchase price for the assets of M-Audits, HealthSmart would use commercially reasonable efforts to cause its customers to enter into M-Audits' service agreement contract for claim auditing. (*Id*. ¶ 13.) The APA and side letter agreement closed on July 1, 2014. (*Id*. ¶ 12.)

M-Audits claims that HealthSmart violated the terms of the side letter agreement. (*See id.* ¶¶ 15-24.) M-Audits' complaint alleges breach of contract and interference with contract, and seeks injunctive relief. (*Id.* ¶¶ 29-47.)

**2. Procedural**

*Resolution of plaintiff's motion for injunctive relief—the Agreed Order*

When defendant removed this case to federal court, a motion by plaintiff for a temporary restraining order ("TRO") was pending in state court. The Court was advised of the motion by counsel during a telephonic status conference conducted on July 22, 2015.[1] (*See* Minutes of proceedings July 22, 2015.)

The Court referred the matter to Magistrate Judge Kathleen Burke (Doc. No. 10), and the magistrate judge scheduled a mediation conference to address the issues raised by plaintiff in its motion for a TRO (Doc. Nos. 12, 13). Before the mediation, defendant filed a motion to dismiss or, alternatively, to stay proceedings and compel arbitration. (Doc. No. 19 ["MTD"].) Attached to the motion to dismiss is the side letter agreement referred to in plaintiff's complaint (Compl. ¶ 13), which contains a provision that "[a]ny dispute or claim arising under or with respect to this Agreement will be resolved . . . in accordance with the Rules for Commercial Arbitration of the American Arbitration Association[2] before a panel of three (3) arbitrators . . . The decision or award of a majority of the arbitrators will be final and binding upon the parties." (Doc. No. 19-1 at 237 (footnote added).) After removal, but before the motion to dismiss was filed, plaintiff lodged a demand for arbitration. (Doc. No. 19-2 at 241.)

---

[1] After the status conference, the TRO was filed on the docket at Doc. No. 9 at 86-117. (All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.)

[2] These rules can be found on the American Arbitration Association's website at www.adr.org.

3

In addition to counsel, M-Audits' principal, Thomasina Patton, as well as Tom Patton ("Patton") and Kathleen O'Leary ("O'Leary"), were present at the mediation conference. Party representatives present for HealthSmart were Tom Kelly (CEO), Sarah Bittner (general counsel), Mark Stadler (chief of marketing), and Loren Claypool (chief of operations). (Doc. No. 23.) The parties reached an agreement to resolve plaintiff's motion for a TRO at the mediation conference, and memorialized the terms in a proposed agreed order. (*Id*.) Because the parties settled their issues regarding plaintiff's motion for injunctive relief, neither the Court nor the magistrate judge conducted a hearing or issued an opinion regarding the merits of plaintiff's motion for a TRO. Thus, the Court made no findings regarding plaintiff's likelihood of success on the merits of its claims, or analyzed and balanced any of the other factors that must be considered in ruling on a motion for injunctive relief.[3]

Directly after the mediation conference was concluded, counsel and their respective client representatives appeared on the record before the Court. The Court conducted a detailed inquiry of both counsel and Ms. Patton and Mr. Kelly as to whether they had an opportunity to review the proposed agreed order with their respective counsel and teams, and whether they understood and agreed with the terms of the order. While the Court had reservations regarding the clarity of certain terms, both Ms. Patton and Mr. Kelly assured the Court that they understood and agreed to the terms of the order. With these assurances, the Court entered the agreed order to accommodate the parties' resolution of plaintiff's TRO motion.

---

[3] In the Sixth Circuit, it is well-settled that the following factors are to be considered in determining whether a temporary restraining order is necessary: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant has shown irreparable injury; (3) whether the issuance of a preliminary injunction [or TRO] would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief. *Petronzio v. Smith*, No. 1:14CV1202, 2014 WL 3513224, at *8 (N.D. Ohio July 11, 2014) (citing *Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000)).

The parties' agreement rendered plaintiff's TRO motion and defendant's motion to dismiss moot, and both motions were denied as such. (Order at 259.) The parties also agreed that plaintiff's remaining claims were subject to arbitration, and the case was dismissed. (*Id.*) *Nexteer Auto. Corp. v. Korea Delphi Auto. Sys. Corp.*, No. 13-CV-15189, 2014 WL 562264, at *4 (E.D. Mich. Feb. 13, 2014) ("When all of the issues before the district court are subject to arbitration, the district court may dismiss the action.") (citation omitted).

### *Aftermath of the Agreed Order*

Within three weeks, the parties reported difficulty implementing the terms of the agreed order. (*See* Minutes of proceedings Sept. 11, 2015.) Within three months, plaintiff sought an order from the Court finding defendant in contempt of the agreed order. (Doc. No. 24.) The Court referred the matter to Magistrate Judge Burke for a report and recommendation and, if appropriate, to conduct an additional settlement conference. (Doc. No. 25.) The magistrate judge established a briefing schedule, and conducted a hearing on January 4, 2016. (*See* Minutes and Order Jan. 4, 2016.)[4] Thereafter, Magistrate Judge Burke issued a report and recommendation ("R&R") recommending, among other things, that HealthSmart be found in contempt of the agreed order. (Doc. No. 50 ["R&R"].)

---

[4] The transcript of proceedings conducted by Magistrate Judge Burke is filed on the docket of this case. (Doc. No. 58 ["Tr."].)

HealthSmart filed a partial objection to the R&R, and a separate, second[5] motion to modify the agreed order pursuant to Rule 60. Defendant's motion to modify the agreed order was not before the magistrate judge and not addressed in the R&R. In the memorandum opinion and order ruling on HealthSmart's objections to the R&R, the Court also denied HealthSmart's second motion to modify the agreed order. (MOO at 866-67.)

*Motion for reconsideration*

The basis for defendant's motion to modify was that determining the categories of claims eligible for referral to M-Audits by HealthSmart is highly technical and complex, and HealthSmart's "high ranking" representatives present at the mediation conference and the hearing before the Court, were mistaken about their ability to negotiate the terms of the agreed order without input from "lower level employees." (Doc. No. 52 at 563.) Thus, HealthSmart argued that the agreed order should be modified because of the mistake and excusable neglect of the HealthSmart team that negotiated the agreed order with M-Audits. (*See* MOO at 860-66.) HealthSmart also argued that the agreed order should be modified pursuant to Rule 60(b)(5) and (b)(6). The Court denied the motion on the grounds that HealthSmart failed to carry its burden under both Rule 60(b) and Ohio law for reformation of contracts (*Id*. at 863-64 & n. 12).

HealthSmart now contends that "evidence has come to light in the correlating AAA Arbitration, which was not capable of submission prior to mediation as well as the hearing conducted on January 4, 2016." (Mot. at 872.) Defendant seeks reconsideration pursuant to Rule 60(b)(2) based on alleged newly discovered evidence regarding "bill review" obtained from the testimony of Patton and O'Leary in May, 2016 during the course of arbitration to resolve

---

[5] HealthSmart's first motion to modify the agreed order was stricken as premature. (Doc. Nos. 44, 45.)

plaintiff's claims on the merits,[6] and pursuant to Rule 60(b)(6) (any other reason that justifies relief) because this alleged new evidence reveals that enforcement of the agreed order purportedly causes HealthSmart to violate its contracts with Cigna and Aetna. (Supp. at 880.) In response, M-Audits disputes that the testimony of O'Leary or Patton revealed new or inconsistent evidence, or that the claim reviews violate HealthSmart's contracts with Cigna and Aetna.

## B. Discussion

### 1. Standard of review

"Relief under Rule 60(b)(6) should be granted only in unusual and extreme situations where principles of equity mandate relief." *EA Mgmt. v. JP Morgan Chase Bank*, No. 07-11629, 2009 WL 36470, at *1 (E.D. Mich. Jan. 6, 2009) (citing *GenCorp., Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007)). Fed. R. Civ. P. 60[7] applies only to "final orders" and judgments, and does not govern interlocutory orders. *Rheinfrank v. Abbott Labs., Inc.*, 137 F. Supp. 3d 1035, 1037 (S.D. Ohio 2015) (citing authorities). In plaintiff's view, the motion seeks reconsideration of an interlocutory order. (Opp'n at 899.) "'[D]istrict courts have authority under both common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry final judgment.'" *Allied Erecting & Dismantling Co Inc.. v. U.S. Steel Corp.*, 76 F. Supp.

---

[6] The arbitration proceedings have been completed. (*See* Minutes of proceedings February 10, 2017.)

[7] Rule 60(b) governs the criteria for determining whether relief from an order is warranted, and provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

3d 691, 692 (N.D. Ohio 2015) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 F. App'x. 949, 959 (6th Cir. 2004) (further citation omitted)). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."[8] *Rodriguez*, 89 F. App'x at 959 (citing *Reich v. Hall Holding Co.,* 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

In this particular case, the factors supporting reconsideration argued by defendant under Rule 60(b) or by plaintiff under Rule 54(b)—"newly discovered evidence," and extraordinary circumstances where "principles of equity mandate relief" and "manifest injustice"—overlap. *See e.g. Cimerman v. Cook*, No. 3:12CV1036, 2013 WL 11326550, at *1 (N.D. Ohio Mar. 22, 2013) ("[T]his is one of those 'exceptional or extraordinary circumstances,' in which it is proper to apply Rule 60(b)(6) to avoid manifest injustice.") (internal citation omitted). HealthSmart's arguments fail under both rules.

**2. Relief not available on the basis of newly discovered evidence**

In order to constitute newly discovered evidence, the evidence must have been previously unavailable. *Cameron v. Hess Corp.*, No. 2:12-CV-00168, 2013 WL 6157999, at *3 (S.D. Ohio Nov. 25, 2013) (citing *GenCorp, Inc. v. American Intern. Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999)). "A court will not reconsider based on evidence 'which in the exercise of reasonable diligence could have been submitted earlier.'" *Id*. (citing *Kittle v. Ohio,* 2:05–CV–1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007)); *Buell v. Security Gen.l Life Ins. Co.,* 987 F.2d 1467, 1472 (10th Cir. 1993), *cert. denied,* 510 U.S. 916, 114 S. Ct. 308, 126 L. Ed. 2d 255

---

[8] While defendant bases its motion on Rule 60(b), it also argues that denial of its motion to modify the agreed order is manifestly unjust because the agreed order, as written, requires HealthSmart to violate its contracts with Cigna and Aetna. (Supp. at 886.)

(1993) ("[T]he movant must show either that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence.").

The testimony of Patton and O'Leary is not newly discovered evidence. That evidence was available and known to defendant before the Court issued its ruling denying defendant's motion to modify the agreed order. At no time did HealthSmart seek to supplement its pending motion, or otherwise make the Court aware of this "new evidence," before the Court ruled. HealthSmart is not entitled to waste judicial resources by withholding evidence that it believes to be relevant while its motion is pending, and then bring that evidence forward after the motion is denied and take a second bite at the apple in the form of a motion for reconsideration. *See Skurka Aerospace, Inc. v. Eaton Aerospace, L.L.C.*, No. 1:08 CV 1565, 2013 WL 12130434, at *1 (N.D. Ohio Aug. 19, 2013) ("'parties should not use [motions for reconsideration] to raise arguments which could, and should, have been made before judgment issued'") (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). It is not unjust for the Court to now refuse to consider evidence that was admissible, but not presented prior to the time the Court ruled on HealthSmart's motion to modify the agreed order. *Rodriguez*, 89 F. App'x at 959 (finding that district court did not abuse its discretion by refusing to consider evidence pursuant to Rule 54(b) that was in defendant's possession at the time of the district court's earlier decision).

Accordingly, the evidence at issue is not newly discovered, and HealthSmart's motion for reconsideration on that basis is denied.

### 3. Relief not available due to the alleged impact of the agreed order on Cigna and Aetna contracts

"A court's application of Rule 60(b)(6) requires 'exceptional and extraordinary circumstances' warranting relief in the absence of an appeal on the merits." *Cequent Trailer Prod., Inc. v. Intradin (Shanghai) Mach. Co., Ltd.*, No. 1:05-CV-2566, 2007 WL 1362457, at *2 (N.D. Ohio May 7, 2007) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989)); *Horton v. Sheets*, No. 2:07-CV-525, 2012 WL 3777431, at *2 (S.D. Ohio Aug. 30, 2012) ("Rule 60(b)(6) requires a showing of 'exceptional or extraordinary circumstances.'") (quoting *Taylor v. Streicher,* 469 F. App'x 467, 468 (6th Cir. 2012)). The determination of whether there are exceptional and extraordinary circumstances supporting relief under Rule 60(b)(6) involves a "'case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts.'" *Fitts v. Snyder*, No. 12-CV-13575, 2016 WL 4089219, at *2 (E.D. Mich. Aug. 2, 2016) (quoting *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009)). Under Rule 54(b), relief from interlocutory orders "is available whenever justice requires." *Lanier v. U.S. Dep't of Labor*, No. 5:14-CV-168-GNS, 2015 WL 4530435, at *1 (W.D. Ky. July 27, 2015) (citing *Rodriguez*, 89 F. App'x at 959).[9]

---

[9] "Relief from interlocutory orders is available whenever justice requires, though '[t]raditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Lanier*, 2015 WL 4530435, at *1 (quoting *Rodriguez,* 89 F. App'x at 959). Having already concluded that newly discovered evidence is not a basis upon with HealthSmart can obtain reconsideration, the only remaining applicable factor under a Rule 54(b) analysis to consider is whether manifest injustice justifies reconsideration.

HealthSmart argues that, as written, the agreed order requires it to violate its contracts with Cigna and Aetna. M-Audits vociferously disagrees. HealthSmart has not cited any case that supports the application of Rule 60(b)(6) (or Rule 54(b)) to this circumstance.

As discussed earlier, HealthSmart's counsel and team engaged in lengthy discussions with M-Audits' counsel and team before arriving at the agreed order. The agreed order reflects that the issue of the Cigna and Aetna contracts was addressed by the parties during their negotiations: "HealthSmart has neither the authority nor the obligation to refer claims to M-Audits for services rendered by primary network providers under Cigna or Aetna contracts which prohibit bill review." (Order at 259.) If this language was incomplete or inadequate to protect HealthSmart's interests, it should have negotiated different or more detailed terms. If HealthSmart needed more information regarding the nature of M-Audits' bill review process and what impact, if any, that process had with respect to HealthSmart's compliance with its contracts with Cigna and Aetna, it could have and should have obtained that information before agreeing to any terms resolving M-Audits' TRO motion.

The circumstances that HealthSmart claims violate its contracts with Cigna and Aetna flow from its own actions and decisions, and principles of equity do not warrant the extraordinary relief of Rule 60(b)(6), nor is such relief appropriate to prevent manifest injustice. *See Lehman v. United States,* 154 F.3d 1010, 1017 (9th Cir. 1998) (affirming district court's denial of plaintiff's motion to vacate voluntary dismissal by plaintiff where plaintiff failed to diligently protect her rights in an agreement with defendant to voluntarily dismiss the case and later engage in settlement negotiations); *Cohen v. Abramowitz*, 549 B.R. 316, 326 (W.D. Pa. 2016) (extraordinary circumstances rarely exist when a parties seeks relief from a judgment that resulted from a party's own choices and decisions) (collecting cases); *Lane v. Lucent Techs.,*

11

*Inc.*, No. 104CV00789, 2007 WL 2079879, at *2 (M.D. N.C. July 13, 2007) ("[T]o receive relief under Rule 60(b), 'a moving party must show both injury and that circumstances beyond its control prevented timely action to protect its interests.'") (quoting *Lehman,* 154 F.3d at 1017); *Draper v. Bacon*, No. 1:04-CV-167, 2005 WL 2016755, at *3 (E.D. Tenn. Aug. 22, 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswik Assoc. Ltd. P'ship,* 507 U.S. 380, 393, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (noting subsections (1) and (6) are mutually exclusive provisions distinguished by presence or lack of party's fault in connection with the circumstances)).

HealthSmart was not required to agree to any terms to resolve M-Audits' TRO motion. Nevertheless, HealthSmart's team and counsel negotiated such terms and agreed to those terms on the record after being questioned by the Court. Defendant's belated dissatisfaction with the alleged consequences of the agreed order it negotiated does not constitute unusual and extreme circumstances where principles of equity mandate the relief requested by HealthSmart, or which require such relief to avoid manifest injustice. Accordingly, HealthSmart's motion for reconsideration pursuant to Rule 60(b)(6) is denied.[10]

## C. Conclusion

For the foregoing reasons, defendant's motion for reconsideration is denied.

**IT IS SO ORDERED**.

Dated: March 31, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[10] To the extent that a Rule 54(b) analysis is applicable, the motion would be denied based on the same facts that support denial pursuant to Rule 60(b)(6).